IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| BOBBIE J. LANE, JR. | § | |
| | § | CIVIL ACTION NO. _____ |
| VS. | § | |
| | § | Judge _____ |
| GEORGIA-PACIFIC WOOD | § | |
| PRODUCTS, LLC | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### A. Parties

1. Plaintiff, Bobbie J. Lane, Jr., is an individual that is a citizen of the State of Texas.

2. Defendant, Georgia-Pacific Wood Products, LLC, is a foreign corporation doing business in the State of Texas. Defendant may be served with process by serving its registered agent C. T. Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

### B. Jurisdiction

3. The court has jurisdiction over the lawsuit under the federal question jurisdiction 28 U.S.C. § 1331 because some of the civil actions alleged arise under federal laws prohibiting employment discrimination based on race pursuant to 42 U.S.C. § 2000e.

### C. Venue

4. Venue is proper in this district under 42 U.S.C. §2000e-5(f)(3). The alleged unlawful employment practice in violation of 42 U.S.C. § 2000e was committed in the city of Corrigan in Polk County, Texas. Pursuant to 42 U.S.C. §2000e-5(f)(3), this action may be brought in any judicial district in Texas.

### D. Exhaustion of Administrative Remedies

5. Plaintiff timely filed a charge of discrimination against defendant with the Equal

Employment Opportunity Commission ("EEOC"). Plaintiff files this complaint within 90 days after receiving a notice of the right to sue from the EEOC. A copy of the notice of the right to sue is attached as Exhibit A.

### E. Introduction

6. Plaintiff brings this action against defendant for its violations of Title VII, ADA, and Texas Labor Code. Throughout plaintiff's employment with defendant, he suffered increased discipline and disparate treatment by his supervisor because of his race. After suffering an on-the-job injury and filing a Workers' Compensation claim, defendant increased the discipline of plaintiff and would not properly accommodate the disability caused by the injury. After complaining to defendant and the Equal Employment Opportunity Commission of the unlawful treatment, defendant terminated plaintiff's employment. The termination was a culmination of racial discrimination that led to increased discipline and retaliation for complaining of discrimination and filing a Workers' Compensation claim.

### F. Facts

7. Bobbie J. Lane, Jr. is a black male. He began working for defendant on or around April 22, 2013. During his employment, plaintiff's supervisor was Arnulfo Cuevas, a hispanic male. Cuevas treated black employees differently than white and hispanic employees. Cuevas disciplined black employees more severely than non-black employees, which led to the denial of promotions, denial of raises, and termination of black employees, including plaintiff.

8. On or around July 9, 2013, plaintiff suffered an on-the-job injury to his wrist. Employees for defendant attempted to convince plaintiff he was only suffering from

cramps. Plaintiff left work that day realizing it was more than cramps. Defendant had advised plaintiff that it would notify Workers' Compensation of his claim, but it never did. Defendant notified plaintiff that he could not miss any days, even if he was unable to use his right arm.

9.      Plaintiff, in pain, went to his primary care physician on our around July 15, 2013. Plaintiff was diagnosed with a sprain and possible hematoma. Plaintiff then contacted the Workers' Compensation carrier himself and filed a claim.

10.     Cuevas was visibly angry with plaintiff for filing the claim. After plaintiff filed his Workers' Compensation claim, Cuevas increasingly disciplined him for actions other employees were not disciplined for. After plaintiff submitted his Workers' Compensation claim, without performing a drug test, defendant suspended plaintiff, accusing him of having marijuana in his system. Immediately after suspending him, defendant did perform a drug test on plaintiff. After being suspended for six days, the drug test came back negative.

11.     Plaintiff's injury prevented him from performing his job duties. The injury was a disability to plaintiff and defendant did not accommodate the restrictions the injury created. The increase in discipline led to plaintiff's termination and denial of benefits.

12.     Throughout his employment, plaintiff complained of the discrimination he suffered based on race at the hands of his supervisor. Plaintiff notified defendant's human resources department and corporate office of the discrimination he and other black employees faced, but nothing was done by defendant. In fact, after complaining, the discipline and intimidation by Cuevas only increased.

13.     On August 22, 2013, plaintiff contacted the EEOC and filed a complaint of

discrimination based on race, disability, and retaliation. On September 9, 2013, defendant terminated plaintiff's employment.

### G. Unlawful Employment Practices Under Title VII

14. Plaintiff is a black employee protected under Title VII, 42 U.S.C. §2000e(f).

15. Defendant is an employer within the meaning of Title VII, 42 U.S.C. §2000e(b).

### Racial Discrimination Under Title VII

16. Defendant intentionally discriminated against plaintiff because of his race in violation of Title VII, 42 U.S.C. §2000e-2 by denying employment opportunities, treating plaintiff differently than employees of other races, and in ultimately terminating plaintiff based on his race.

17. Defendant's intentional discrimination resulted in an adverse employment action against plaintiff. Defendant disciplined plaintiff harsher than it did non-black employees. When plaintiff complained to defendant about racial discrimination, defendant terminated his employment. Defendant's termination of plaintiff was because of his race.

### Retaliation Under Title VII

18. Defendant unlawfully retaliated against plaintiff because he opposed a practice made unlawful by Title VII.

19. Plaintiff's opposition to the practice was a protected activity under Title VII, 42 U.S.C. §2000e-3(a). After complaining to defendant and the EEOC of discrimination, defendant subjected plaintiff to an adverse employment action by terminating his employment. A causal link exists between the protected activity and the defendant's action. Any other reasons by defendant for the adverse employment action are merely pretexts.

## H. Racial Discrimination Under 42 U.S.C.§ 1981

20. Plaintiff is a member of a protected class, the black race.

21. At all times relevant, plaintiff was in a contractual relationship with defendant within the meaning of 42 U.S.C. § 1981. An employee subject to at-will termination under Texas law nevertheless has an implied "contract" with their employer that unlawful racial discrimination will not be allowed that meets the § 1981 requirements to maintain an action against an employer for its breach. *Fadeyi v. Planned Parenthood Ass'n of Lubbock, Inc.*, 160 F.3d 1048, 1050 (5th Cir. 1998).

22. During the course of plaintiff's employment, defendant violated plaintiff's rights by depriving plaintiff of his right to the enjoyment of all benefits, privileges, terms and conditions of plaintiff's employment contract "as is enjoyed by white citizens," in violation of 42 U.S.C.§ 1981(b).

23. During the course of plaintiff's employment with defendant, plaintiff did not enjoy the same benefits, privileges, terms and conditions of employment as did white employees.

24. Defendant's treatment, practices and policies directed toward plaintiff, as more fully described in this complaint, denied plaintiff the full and equal benefits of all laws and proceedings for the security of persons and property "as is enjoyed by white citizens," in violation of 42 U.S.C. § 1981.

25. Defendant's treatment, practices and policies directed toward plaintiff, as more fully described in this complaint, denied plaintiff the right to make and enforce contracts "as enjoyed by white citizens," in violation of 42 U.S.C. § 1981.

26. Through its actions and treatment of plaintiff, defendant intended to discriminate against plaintiff on the basis of his race.

### I. Violations under the Americans with Disabilities Act

27.  It is a violation of the Americans with Disabilities Act (ADA) for an employer to exclude or otherwise deny equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association. 42 U.S.C. § 12112(4).

28.  After suffering an on-the-job injury, plaintiff was disabled as defined by the Americans with Disabilities Act (ADA). 42 U.S.C. §§12102, 12111(8). Plaintiff is otherwise qualified to perform the essential functions of his position.

29.  Plaintiff is an employee within the meaning of the ADA. 42 U.S.C. §12111(4).

30.  Defendant violated the ADA by intentionally discriminating against plaintiff on the basis of his disability. Defendant's discriminatory acts include not providing plaintiff reasonable accommodations. 42 U.S.C. §12112.

### J. Violation of Texas Labor Code Section 451.001

31.  Defendant discriminated against plaintiff for seeking a worker's compensation benefit in Violation of Texas Labor Code Section 451.001. The defendant increasingly disciplined and discharged the plaintiff once he had reported his injury and after he took steps to institute a workers' compensation claim and sought to lawfully exercise his rights under the Texas Workers' Compensation Act, in violation of Texas Labor Code Section 451.001. Defendant would not have terminated plaintiff when it did if plaintiff had not in good faith taken steps to file a worker's compensation claim and exercised his lawful rights under the Texas Workers' Compensation Act.

### K. Damages

32.  As a direct and proximate result of defendant's conduct, plaintiff has suffered

damages and losses entitling him to the following remedies:

    a. Back pay, including that amount of wages and employment benefits plaintiff would have earned if he had not been subjected to defendant employer's unlawful conduct less any wages, unemployment compensation benefits, or worker's compensation benefits he received in the interim. ("Employment benefits" include sick leave pay, vacation pay, profit sharing benefits, stock options, pension fund benefits, housing or transportation subsidies, bonuses, monetary loses incurred as a result of loss of health, life, dental, or similar insurance coverage.);

    b. Reinstatement;

    c. Front pay, if reinstatement is inappropriate;

    d. Compensatory damages in the past, which include emotional pain and suffering, inconvenience, mental anguish, expenses incurred in seeking other employment, and loss of enjoyment of life; and

    e. Compensatory damages in the future, which include economic losses, emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

### L. Attorney Fees

33. Plaintiff is entitled to an award of attorney fees, including expert fees, and costs under Tex. Labor Code § 451.002, 42 U.S.C. § 12205 and/or 42 U.S.C. § 2000e-5(k).

### M. Additional Damages

34. In addition to the previously alleged damages (which plaintiff alternatively seeks under this cause of action) plaintiff seeks exemplary damages for defendant's malicious actions, clearly arising from ill will, reckless indifference, spite, evil motive and with a purpose to injure plaintiff. (Pursuant to 42 U.S.C. § 1981a(a)(1) and § 1981a(a)(2); Tex. Labor Code Ann. § 451.001 & Tex. Civ. Prac. & Rem. Code § 41.003).

### N. Jury Demand

35. Plaintiff requests a trial by jury.

## O. Prayer

36. For these reasons, plaintiff asks for judgment against defendant for the following:

   a. Reinstatement to his prior job and position;

   b. Back pay and front pay, including all employment benefits;

   c. Compensatory damages in the past, including emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life;

   d. Compensatory damages in the future, including economic losses, emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life;

   e. Exemplary damages;

   f. Attorney fees and courts costs; and

   g. All other relief the Court deems appropriate, at law and in equity.

Respectfully submitted,

BUSH LEWIS, PLLC
595 Orleans Street, Suite 500
Beaumont, TX 77701
409/835-3521
409/835-4194 (Fax)

By: _____
Kenneth W. Lewis
Ken.L@bushlewis.com
Texas Bar #12295300
Stephen L. Townsend
Stephen.T@bushlewis.com
Texas Bar #24071539

ATTORNEYS FOR PLAINTIFF